# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE No.  18-cv-80332-BLOOM/Reinhart

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH PA,
as subrogee,

      Plaintiff,

v.

SPX FLOW US, LLC,

      Defendant.

_____/

## ORDER ON MOTION FOR LEAVE TO AMEND

**THIS CAUSE** is before the Court upon Defendant SPX Flow US, LLC's ("Defendant")

Motion for Leave to File Amended Answer With Affirmative Defenses, ECF No. [39] (the

"Motion").  Having carefully considered the Motion, the record in this case, and being otherwise

fully advised, the Motion is denied.

On March 14, 2018, Plaintiff commenced this suit against Defendant asserting claims of

negligence and strict liability.  ECF No. [1].  Plaintiff, an insurance company, alleges  that a

vessel, MY Bellissimo, owned by its insured, Lena N. Aquila, was damaged on July 28, 2016

when the starboard engine overheated causing a fire.  ECF No. [5] at ¶¶ 2, 6-7.  Upon inspection

of the vessel, it was determined that the raw water impeller pump on the starboard engine had

been replaced with a pump manufactured by Defendant.  *Id.* at ¶ 11.  It was further determined

that the pump manufactured by Defendant had malfunctioned.  *Id.* at ¶ 12.  Plaintiff paid its

insured the amount of $271,317.60 to cover the cost of the repairs and the insured paid an

additional $15,000 deductible.  *Id.* at ¶ 13.  The insured appointed Plaintiff as its attorney in fact

to attempt to recover the deductible. *Id.* Plaintiff commenced this action against Defendant to recover the full amount of damage to the vessel, $286,317.60. *Id.*

On April 25, 2018 the Court issued an Order Setting Trial and Pre-Trial Schedule. ECF No. [12]. Pursuant to the Order, the deadline to amend pleadings was June 25, 2018. *Id.* On November 8, 2018, Defendant filed the instant Motion, requesting leave to amend its Answer. ECF No. [39]. Specifically, Defendant sought to amend an affirmative defense in order to identify with specificity the nonparties against whom it may be entitled to an apportionment of damages. However, Defendant withdrew that request in its Reply. *See* ECF No. [44]. Defendant's remaining request seeks to add the economic loss rule as an affirmative defense. The proposed new affirmative defense would state: "Plaintiff's claims are barred and/or limited by the economic loss rule because plaintiff alleges that the damages were caused by a purported manufacturing defect in a component part that was fully integrated into the engine and yacht that sustained damages." ECF No. [39].

Fed. R. Civ. P. 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." "Although leave to amend shall be freely given when justice so requires, a motion to amend may be denied on numerous grounds such as undue delay, undue prejudice to the defendants, and futility of the amendment." *Mann v. Palmer*, 713 F.3d 1306, 1316 (11th Cir. 2013) (citation omitted).

Here, because Defendant's motion to amend was filed after the Scheduling Order's amendment deadline of June 25, 2018, Defendant "must first demonstrate good cause under Rule 16(b) before [the Court] will consider whether amendment is proper under Rule 15(a)." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998). This means that "the likelihood of

obtaining permission to amend diminishes drastically after the court enters a scheduling order with deadlines for amendments that have expired." *Donahay v. Palm Beach Tours & Transp., Inc.*, 243 F.R.D. 697, 699 (S.D. Fla. 2007). The "good cause" requirement "precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa*, 133 F.3d at 1418 (citing Fed. R. Civ. P. 16 advisory committee's note; *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir. 1992) ("If [a] party was not diligent, the [good cause] inquiry should end.")). "In other words, good cause exists when evidence supporting the proposed amendment would not have been discovered in the exercise of reasonable diligence until after the amendment deadline had passed." *Donahay*, 243 F.R.D. at 699 (citing *Forstmann v. Culp,* 114 F.R.D. 83, 85–86 (M.D. N.C. 1987)). Further, "good cause is not shown if the amendment could have been timely made," even if the opposing party would not be prejudiced. *Id.*; *see also Kernal Records Oy v. Mosley*, 794 F. Supp. 2d 1355, 1369 (S.D. Fla. 2011), *aff'd sub nom. Kernel Records Oy v. Mosley*, 694 F.3d 1294 (11th Cir. 2012) ("Diligence is evaluated by considering the following factors: (1) whether the plaintiff failed to ascertain facts prior to filing the complaint and to acquire information during the discovery period; (2) whether the information supporting the proposed amendment was available to the plaintiff; and (3) whether even after acquiring the information the plaintiff delayed in seeking the amendment.").

Defendant has failed to demonstrate good cause to modify the Court-imposed amendment deadline and permit the requested relief. Defendant's Motion offers two potential arguments to demonstrate good cause. First, Defendant contends that it "has encountered some delay in obtaining manufacturing documents because they were in the custody of its Swedish affiliate . . . and a separate manufacturing company located in Tallinn, Estonia." ECF No. [39] at ¶ 16.

Second, Defendant suggests that revelations in discovery have caused it to seek a new affirmative defense, stating that "after analysis of discovery to date and research into the specific aspects of the economic loss rule, [SPX] seeks to present its legal argument as to the reduction or elimination of National Union's claimed damages…" *Id.* at ¶ 24.[1]

The Court is unpersuaded that Defendant has demonstrated good cause to modify the Court's Scheduling Order and afford the relief requested. Defendant has failed to explain any connection between the manufacturing documents it was delayed in receiving and its ability to raise the economic loss rule as an affirmative defense. Defendant has similarly failed with respect to the implication that findings in discovery gave rise to Defendant seeking to assert the affirmative defense. Defendant has identified no information that it came into possession of after the deadline to amend its pleadings which prompted Defendant to seek to assert a new affirmative defense. Thus, Defendant has failed to show diligence in presenting its affirmative defense of the economic loss rule. *See Saewitz v. Lexington Ins. Co.*, 133 F. App'x 695, 700 (11th Cir. 2005) (finding district court did not abuse its discretion in denying defendant opportunity to amend pleadings to add affirmative defense where defendant "failed to show diligence in presenting its affirmative defense"); *Donahay*, 243 F.R.D. at 699 ("even if the opposing party would not be prejudiced by the modification of a scheduling order, good cause is not shown if the amendment could have been timely made").

Because Defendant has not shown good cause, the Court need not address whether Plaintiff would be prejudiced by the proposed amendment. Nevertheless, the Court notes that Defendant's timing appears prejudicial. As Plaintiff points out, it has already taken the

---

[1] Defendant's Reply offers an additional basis for demonstrating good cause, namely, that the law related to the economic loss rule is complex. Defendant has not provided the Court with, nor is the court aware of, any case law supporting "complexity of the law" as a basis for good case to amend a pleading after the deadline has passed.

depositions of Lena Aquila (Plaintiff's insured), Tom Aquila (the driver of the vessel during the subject incident) and Shane Peacock (one of the owners of the marina that maintains and services the vessel and performed the estimates and repairs of the vessel after the subject fire). Since the determination of what constitutes the "product" for purposes of the economic loss rule is a factual issue, Plaintiff may need to re-depose these individuals. Plaintiff may also need to depose a representative of 1-Hincklet Company, LLC, the manufacturer of the vessel. As the discovery cutoff is January 11, 2019 at the very least Plaintiff would be required to undertake new discovery as to this newly inserted affirmative defense during the limited time remaining.

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion for Leave to File Amended Answer With Affirmative Defenses, **ECF No. [39]**, is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 21st day of November, 2018.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record